**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

MILIONE, D.C.,

     Plaintiff,

     v.

AETNA LIFE INSURANCE COMPANY,

     Defendant.

No. 24cv4738 (EP) (AME)

**OPINION**

**PADIN, District Judge.**

Plaintiff Donald P. Milione, D.C., ("Plaintiff" or "Dr. Milione") brings an action under the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.* ("ERISA") alleging Defendant AETNA Life Insurance Company ("Defendant" or "AETNA") failed to reimburse medical benefits. D.E. 1 ("Complaint" or "Compl.").[1]  AETNA moves to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (6). D.E. 7 ("Motion" or "Mot."). The Court has reviewed the parties' submissions and decides the Motion without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). For the reasons below, the Court will **GRANT** AETNA's Motion and **DISMISS** the Complaint *without prejudice*.

---

[1] Plaintiff also purports to bring various patient claims to the extent that the applicable health plans are not governed by ERISA. Compl. ¶ 21.

## I.    BACKGROUND[2]

AETNA is an insurance provider that offers plans and policies in New Jersey.  Compl. ¶ 1.  Dr. Milione, an out-of-network provider, provides chiropractic services to patients in New York, New Jersey, and Connecticut.  *Id.* ¶ 2.

Dr. Milione provided services to fifteen patients[3] between November 2019 and March 2023.  *Id.* ¶¶ 3-17.  At the time of service, all Patients were covered by insurance policies/plans sold by AETNA.  *Id.*  When the Patients began their medical care with Dr. Milione, they all signed an assignment of benefits ("AOB"), which read, in part:

> I hereby assign all applicable health insurance benefits to which I and/or my dependents are entitled [d] to Provider [defined as Milione]. . . I hereby authorize Provider to submit claims, on my and/or my dependent's behalf, to the benefit plan (or its administrator) listed on the current insurance card I provided to Provider, in good faith. I also hereby instruct my benefit plan (or its administrator) to pay Provider directly for services rendered to me or my dependents. To the extent that my current policy prohibits direct payment to Provider, I hereby instruct and direct my benefit plan (or its administrator) to provide documentation stating such non-assignment to myself and Provider upon request. Upon proof of such non-assignment, I instruct my benefit plan (or its administrator) to make out the check to me and mail it directly to Provider.

*Id.* ¶ 29.

The Patients also signed an authorization allowing Dr. Milione to act as their "'Authorized Representative' in connection with any 'claim, right or cause in action that [he/she] might have under such insurance policy and/or benefit plan' and the right to 'pursue such claim, right or cause of action in connection with said insurance policy and/or benefit plan.'"  *Id.* ¶ 30.  Dr. Milione

---

[2] The facts in this section are taken from the well-pled factual allegations in the Complaint, which the Court presumes to be true for purposes of resolving the Motion.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[3] Eileen T., Ava Z., Gary M., Gregory O., Megan R., Mohammed A., Ryan C., Vanessa V., Barry C., Jessica S., Julia W., Jo S., Maryam K., Priyal M., and Rene R. (together, the "Patients").

conducted various services for the Patients, including "Nerve Conduction Studies." *Id.* ¶ 22.  Dr. Milione submitted claims for these services to AETNA along with relevant medical records and other information supporting the claims.  *Id.* ¶¶ 31, 41, 51, 61, 71, 81, 91, 101, 110, 120, 130, 140, 150, 160, 170.  However, AETNA repeatedly denied or underpaid the claims, informing Dr. Milione "that the medical records were not received or were not sufficient to support the medical necessity of the procedures." *Id.*  After AETNA's denial, Dr. Milione (on behalf of the Patients) went through the "entire available appeal process"; all appeals were denied and payments remain outstanding.  *Id.* ¶¶ 34, 44, 54, 64, 74, 84, 94, 104, 113, 123, 133, 143, 153, 163, 173.

Dr. Milione alleges that AETNA made "erroneous benefit determinations" and "violated [its] duties as [an] ERISA fiduciar[y]." *Id.* ¶ 23.  AETNA also purportedly "routinely ignored relevant information submitted" during the claims process and "refused to properly consider the appeals filed[.]" *Id.* ¶ 22.  According to Dr. Milione, AETNA has failed to act prudently in the interests of the Patients, failed to follow plan documents, and failed to decide the claims under ERISA's claims regulations procedure.  *Id.* ¶ 24 (citing 29. U.S.C. §§1104, 1133; 29 C.F.R. § 2560.503.1).  Finally, Dr. Milione alleges that AETNA's positions in denying or underpaying claims were contrary to its past positions that "AETNA had already taken on multiple occasions during the plan year and in prior plan years[.]" *Id.* ¶ 181.

Dr. Milione seeks $133,410.16 in underpaid or unpaid benefits he alleges are due to the Patients under the AOBs.  *Id.* ¶ 179.  AETNA moves to dismiss the Complaint.  Mot.  Dr. Milione opposes.  D.E. 10 ("Opp'n").  AETNA replies.  D.E. 11 ("Reply").

## II.    LEGAL STANDARDS

### A.    Rule 12(b)(1)

A motion to dismiss under Fed. R. Civ. P. 12(b)(1) challenges the subject matter jurisdiction of the court. Pursuant to Rule 12(b)(1), the plaintiff bears the burden of showing that subject matter jurisdiction exists. *See Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991). "Article III standing is essential to federal subject matter jurisdiction." *Hartig Drug. Co. Inc. v. Senju Pharm. Co. Ltd.*, 836 F.3d 261, 269 (3d Cir. 2016). "A motion to dismiss for want of standing is . . . brought pursuant to Rule 12(b)(1), because standing is a jurisdictional matter." *Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007).

In resolving a Rule 12(b)(1) motion, a court must first determine whether the motion presents a "facial" or "factual" attack because the distinction determines how the pleading is reviewed. *See Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014); *see also Saint-Jean v. Cnty. of Bergen*, 509 F. Supp. 3d 87, 97 (D.N.J. 2020) (internal citation omitted). A facial 12(b)(1) challenge "attacks the complaint on its face without contesting its alleged facts" and requires the Court to "consider the allegations of the complaint as true." *Hartig*, 836 F.3d at 268 (cleaned up). By contrast, a factual 12(b)(1) challenge "argu[es] that there is no subject matter jurisdiction because the facts of the case . . . do not support the asserted jurisdiction." *Constitution Party of Pa.*, 757 F.3d at 358. Under a factual attack, "the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims," *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977), and courts are permitted to "consider evidence outside the pleadings." *Gould Elec. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). AETNA's Motion constitutes a facial challenge to standing, so the Court will "only

4

consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Id.*

### B.    Rule 12(b)(6)

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a court accepts all well-pled factual allegations as true, construes the complaint in the plaintiff's favor, and determines "whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (internal citation omitted). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

To survive a Rule 12(b)(6) challenge, a plaintiff's claims must be facially plausible, meaning that the well-pled facts "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). The allegations must be "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Finally, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*

## III.    ANALYSIS

### A.    Dr. Milione's Claims Fail for Lack of Standing

Standing under Article III requires that a plaintiff "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by

a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citing *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61 (1992)). "To plead an injury in fact, the party invoking federal jurisdiction (here, Plaintiff) must establish three sub-elements: first, the invasion of a legally protected interest; second, that the injury is both 'concrete and particularized'; and third, that the injury is 'actual or imminent, not conjectural or hypothetical.'" *Milione v. United Healthcare*, No. 23-1743, 2024 WL 1827756, at *4 (D.N.J. Apr. 26, 2024) (quoting *Spokeo*, 578 U.S. at 339). AETNA argues that the anti-assignment provisions in the fifteen health benefit plans preclude Dr. Milione from satisfying the injury-in-fact prong. Mot. at 7. The Court agrees.

ERISA claims may independently be brought by a "participant or beneficiary." 29 U.S.C. § 1132(a)(1). It is undisputed that Dr. Milione is neither. Nevertheless, "[h]ealthcare providers that are neither participants nor beneficiaries in their own right may obtain derivative standing by assignment from a plan participant or beneficiary." *North Jersey Brain & Spine Ctr. v. Aetna, Inc.*, 801 F.3d 369, 372 (3d Cir. 2015). However, "a valid anti-assignment clause invalidates a purported assignment," *Bloom v. Indep. Blue Cross*, 340 F. Supp. 3d 516, 523 (E.D. Pa. 2018) (citing *Am. Orthopedic & Sports Med. v. Indep. Blue Cross Blue Shield*, 890 F.3d 445, 453 (3d Cir. 2018)), and "anti-assignment clauses in ERISA-governed health insurance plans as a general matter are enforceable." *Am. Orthopedic*, 890 F.3d at 453.

Dr. Milione "does not generally contest the applicability of the anti-assignment provisions" nor that such provisions are generally enforceable. Opp'n at 2, 4. He instead argues the Motion is "the first time [AETNA] has ever raised the existence of anti-assignment provisions," and he "could have taken a different approach with the various patients" had he been informed about the anti-assignment provisions when discussing coverage with AETNA. *Id.* at 4. He seeks leave to amend his complaint. *Id.*

6

*First*, courts generally do not find defendant-insurers to have waived anti-assignment clauses based on a failure to raise them prior to suit. *See Am. Orthopedic*, 890 F.3d at 453 (rejecting argument of waiver where insurer "failed to raise the anti-assignment clause as an affirmative defense" during internal administrative appeals process); *IGEA Brain and Spine, P.A. v. Blue Cross & Blue Shield of Minn*, No. 16-5844, 2017 WL 1968387, at *3 (D.N.J. May 12, 2017) ("Simply engaging in a claim review process with Plaintiff does not demonstrate a 'clear and decisive act' to waive the Plan's anti-assignment provisions and confer upon Plaintiff standing to sue.").

*Second*, a failure to address arguments constitutes a waiver. *See Griglak v. CTX Mortg. Co., LLC*, No. 09-5247, 2010 WL 1424023, at *3 (D.N.J. Apr. 8, 2010) ("The failure to respond to a substantive argument to dismiss a count, when a party otherwise files opposition, results in a waiver of that count"); *Spence v. New Jersey*, No. 19-21490, 2021 WL 1345872, at *4 (D.N.J. Apr. 12, 2021) ("Plaintiff has failed to oppose the motion to dismiss as to her claims against the individual defendants, and her claims against them will be dismissed."). As such, the Court could dismiss the ERISA claim on this basis alone, as Dr. Milione fails to allege any injury particular to him.

Nonetheless, the Court will address the standing argument and finds that Dr. Milione lacks derivative standing. The Court has reviewed all of the Patients' plans. *See* Exs. 2-16 to D.E. 7-2 ("Petrozelli Decl.").[4]    The relevant anti-assignment language in the plans state, in part, the following:

---

[4] AETNA argues that Dr. Milione cannot assert an ERISA claim as to two of the plans at issue, Ava Z. and Mohammad A., because they are not subject to ERISA. Opp'n at 12. Upon review of the plans, the Court cannot ascertain whether they are governed by ERISA because pages are excerpted. *See* Exs. 15-16 to Petrozelli Decl. Nonetheless, it need not decide whether these plans

- **Gary M.:** "Plan participants cannot assign . . . any benefit payable under the Plans . . . . For example, Plan participants may not assign their right to receive Plan benefits and legal rights relating to the Plans to any health care provider—such assignment is not permitted and is void." *Id.*, Ex. 3.

- **Gregory O., Megan R., and Jessica S.:** "When you see a network provider, they will usually bill us directly. When you see an out-of-network provider, we may choose to pay you or to pay the provider directly. To the extent allowed by law, we will not accept an assignment to an out-of-network provider." *Id.*, Exs. 4, 5, 9.

- **Julia W.:** "When you see a network provider they will usually bill us directly. When you see an out-of-network provider, we may choose to pay you or to pay the provider directly. Unless we have agreed to do so in writing and to the extent allowed by law, we will not accept an assignment to an out-of-network provider or facility under this plan." *Id.*, Ex. 10.

- **Ryan C.:** "[Y]ou do not have the right to assign . . . any benefits under these Plans to which you are entitled. You are not permitted to (a) assign, in whole or in part, to any party, including without limitation, to a health care provider, your right to any benefits under the Medical Plans or (b) assign any administrative, statutory, or legal right, or cause of action that you may have under ERISA . . . Any attempt to assign, in whole or in part, such rights or any benefits shall be void and unenforceable under all circumstances." *Id.*, Ex. 6.

---

are covered by ERISA because, as discussed below, the anti-assignment provisions therein preclude standing.

- **Vanessa V.:** "You cannot assign any benefits under this Certificate to any person, corporation or other organization . . . . Any assignment of benefits by You other than for monies due for a surprise bill or an assignment of monies due to a Hospital for Emergency Services, including inpatient services following Emergency Department Care, will be void and unenforceable." *Id.*, Ex. 7.

- **Barry C.:** "You cannot assign any benefits under this Certificate to any person, corporation or other organization . . . . Any assignment of benefits by You other than for monies due for a surprise bill will be void." *Id.*, Ex. 8.

- **Jo S.:** "Coverage and your rights under this plan may not be assigned." *Id.*, Ex. 11.

- **Maryam K.:** "You cannot assign any benefits under this Certificate to any person, corporation or other organization." *Id.*, Ex. 12.

- **Priyal M.:** "Coverage and your rights under this plan may not be assigned." *Id.*, Ex. 13.

- **Rene R.:** "Generally, benefits from the Plan may not be assigned, sold, transferred, or pledged to a creditor or anyone else. However, benefits from the Plan may be subject to the terms of a qualified medical child support order ("QMCSO") or a qualified domestic relations order ("QDRO"), resulting from divorce or separation from your spouse or to enforce a child support obligation. Benefits also may be subject to a levy imposed by the Internal Revenue Service, to certain orders or settlements under section 206(d)(4) of ERISA, and to writs of garnishment under 18 U.S.C. § 3613(a). (See "Court Orders" on the next page for details about QMCSOs and QDROs.)." *Id.*, Ex. 14.

- **Ava Z.:** "No party may assign this Agreement or any of its rights or obligations whether by operation of law or other without the prior written consent of the other party, which the other party may grant or withhold in its sole discretion." *Id.*, Ex. 15.

- **Mohammad A.:** "You cannot assign any benefits under this Certificate to any person, corporation or other organization." *Id.*, Ex. 16.

The foregoing plans clearly and unambiguously prohibit assignments. *See Univ. Spine Ctr. v. Aetna, Inc.*, 774 F. App'x 60, 63 (3d Cir. 2019) ("Contractual language is unambiguous if it is 'capable of only one objectively reasonable interpretation'") (quoting *Baldwin v. Univ. of Pittsburgh Med. Ctr.*, 636 F.3d 69, 76 (3d Cir. 2011)). As such, even if Dr. Milione had not waived his ERISA count, these valid anti-assignment clauses invalidate any valid AOB. *Bloom,* 340 F. Supp. 3d at 523. Accordingly, Dr. Milione lacks derivative standing; as he fails to allege any non-conclusory injury to himself, the Court will **DISMISS** his ERISA claim as to the fourteen foregoing plans.

### B. Dr. Milione Fails to State a Claim as to the Remaining Plan

The Court cannot locate anti-assignment language in one of the plans: Eileen T. Ex. 2 to Petrozelli Decl. AETNA certifies that Eileen T.'s plan contains an anti-assignment clause, and the Court assumes the relevant page was omitted in error. Petrozelli Decl. ¶¶ 2-4. The Court cannot

make a determination without seeing the exact plan language. Nevertheless, for the reasons below, Dr. Milione fails to state a claim as to Eileen T.'s plan.

AETNA argues that even if Dr. Milione had standing, his Complaint fails to identify any provision from the plans supporting his claims or requiring the claimed reimbursement. Mot. at 1. The Court agrees.

"A plaintiff seeking to recover under section 502(a)(1)(B) must demonstrate that the benefits are actually 'due'; that is, he or she must have a right to benefits that is legally enforceable against the plan." *Hooven v. Exxon Mobil Corp.*, 465 F.3d 566, 574 (3d Cir. 2006). Dr. Milione fails "to identify—or allege the existence of—any provision in the Plan requiring [AETNA] to pay for out-of-network services in accordance [with the plaintiff's claimed rate]." *Atl. Plastic & Hand Surgery, PA v. Anthem Blue Cross Life & Health Ins. Co.*, No. 17-4600, 2018 WL 1420496, at *10 (D.N.J. Mar. 22, 2018).

Dr. Milione concludes that AETNA's alleged denials and underpayments of the Patients' claims were "erroneous," Compl. ¶ 23, based only on the following support: (1) that he provided allegedly covered services to the Patients, *id.* ¶ 178; (2) that AETNA denied coverage, *id.* ¶ 179; and (3) that AETNA's denials were contrary to positions it had taken "on multiple occasions during the plan year and in prior plan years at which time Aetna had paid the appropriate amounts for the procedures and requested benefits." *Id.* ¶ 181. Dr. Milione has not identified plan provisions requiring AETNA "to pay *these* particular claims according to the terms, conditions, and limitations of the applicable plan." *Milione*, 2024 WL 1827756, at *9 (citing *Univ. Spine Ctr.*, 2018 WL 4144684, at *3). Accordingly, Dr. Milione fails to plausibly state an ERISA claim as to

Eileen T.[5]  Dr. Milione may further amend the Complaint to plausibly state an ERISA claim as this plan.  To the extent Dr. Milione seeks to amend the Complaint and name the Patients as plaintiffs in this action, he must move for leave to amend to do so.  Opp'n at 2.

## IV.    CONCLUSION

For the reasons above, the Court will **GRANT** AETNA's Motion to Dismiss, D.E. 7, and **DISMISS** the Complaint ***without prejudice***.  An appropriate Order accompanies this Opinion.


Dated: January 29, 2025

Evelyn Padin, U.S.D.J.

---

[5] Dr. Milione requests that this Court exercise supplemental jurisdiction over various patient claims, Compl. ¶ 21, but he appears to only assert a single cause of action under ERISA, and none under state law.  *Id.* ¶¶ 177-86.  The Court will accordingly not consider any additional claims.